IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAY GROUP HEALTH CARE, LLC, | ) | |
| NORMAN BANGALAN, and | ) | |
| MARILYN BANGALAN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 CV 986 |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| GINSBERG JACOBS, LLC, | ) | |
| THOMAS LOMBARDO, TRACY STEINDEL, | ) | |
| And GABRIEL MATHLESS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Bay Group Health Care, LLC, Norman Bangalan, and Marilyn Bangalan, by and through their attorneys, Edward X. Clinton, Jr. and Julia C. Williams of The Clinton Law Firm, complain against Defendants Ginsberg Jacobs, LLC, Thomas Lombardo, Tracy Steindel, and Gabriel Mathless, as follows:

## INTRODUCTION

1.      Ginsberg Jacobs, LLC ("Ginsberg Jacobs") and its attorneys represented Bridgeview Bank Group in a Cook County lawsuit against Bay Group Health Care, LLC ("Bay Group"), Norman Bangalan ("Norman"), and Marilyn Bangalan ("Marilyn"), *Bridgeview Bank Group v Bay Group Health Care LLC, et al*, 13 L 050131.  During the course of the lawsuit, Ginsberg Jacobs, through its employee, Gabriel Mathless, also represented the Defendants in the very same case.  Defendants instructed Mathless to sign and enter with the court a "Confession of Judgment" confessing judgment on behalf of Bay Group, Norman, and Marilyn. Bay Group, Norman, and Marilyn did not consent or authorize any judgment to be entered

against them by Ginsberg Jacobs. Defendants breached their duty of care as attorneys by representing both Plaintiff and Defendants in litigation and also by filing an unauthorized confession of judgment. Defendants took further measures to conceal the fact that they represented both plaintiff and defendants in the litigation by (a) failing to have the complaint served upon Bay Group, Norman or Marilyn; (b) concealing the fact that Mathless worked at the same firm that was representing Bridgeview Bank; and (c) failing to serve the Judgments that were entered on Bay Group, Norman or Marilyn. Defendants engaged in a direct conflict of interest prohibited by Rule 1.7 of the Illinois Rules of Professional Conduct. Defendants' actions caused substantial financial damages to Bay Group, Norman and Marilyn.

## THE PARTIES

A.      **Plaintiffs**

2.      Bay Group Health Care, LLC is a manager-managed Illinois limited liability company. The members of the LLC are Talitha Azarov, who is a citizen of Indiana, Kathrina Ninh, who is a citizen of Texas, and Jashobeam Bangalan, who is a citizen of Indiana.

3.      Bay Group is a citizen of Indiana and Texas because all of its members are citizens of Indiana and Texas.

4.      Norman Bangalan is an individual and a citizen of Indiana.

5.      Marilyn Bangalan is an individual and is a citizen of Indiana. (All Plaintiffs collectively referred to herein as "Plaintiffs").

B.      **Defendants**

6.      Ginsberg Jacobs LLC is a member managed Illinois limited liability company and a Chicago based law firm. Ginsberg Jacobs is a citizen of Illinois.

2

7.     Thomas Lombardo ("Lombardo") is an Illinois attorney who, at all relevant times, worked at Ginsberg Jacobs.  On information and belief, Lombardo is a citizen of Illinois.

8.     Tracy Steindel ("Steindel") is an Illinois attorney who, at all relevant times, worked at Ginsberg Jacobs.  On information and belief, Steindel is a citizen of Illinois.

9.     Gabriel Mathless ("Mathless") is an attorney who, at all relevant times, worked at Ginberg Jacobs as an associate.  Mathless recently moved to North Carolina. On information and belief, Mathless is a citizen of North Carolina.

## JURISDICTION

10.     This Court has subject matter jurisdiction of this action based upon diversity of citizenship.

11.     There is complete diversity of citizenship between the parties as Plaintiffs are citizens of Indiana and Texas whereas Defendants are citizens of Illinois and North Carolina.  The amount in dispute exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. Section 1332.

## FACTS

12.     On or about March 18, 2011, Open Arms Home Health Care, Inc. executed a Promissory Note in favor of Bridgeview Bank Group in the amount of $818,000 ("Promissory Note"), which enabled Open Arms Home Health Care, Inc. to purchase a commercial building. (Exh. 2: Motion to Disqualify, Exh. A Verified Complaint, Exh. A Promissory Note).

13.     On or about March 18, 2011, Bay Group signed a Commercial Guaranty guaranteeing payment on the Promissory Note ("Bay Group Guaranty"). (Exh. 2: Motion to Disqualify, Exh. A Verified Complaint, Exh B-D Guaranties).

14.     On or about March 18, 2011, Norman and Marilyn each also signed Commercial Guaranties guaranteeing payment on the Promissory Note ("Norman Guaranty" and "Marilyn Guaranty" respectively). (Exh. 2: Motion to Disqualify, Exh. A Verified Complaint, Exh B-D Guaranties).

15.     On or about February 5, 2013, Bridgeview Bank filed an action for confession of judgment against Bay Group, Norman, and Marilyn in the Circuit Court of Cook County, Illinois, captioned *Bridgeview Bank Group v Bay Group Health Care, LLC, et al*, 2013 L 050131 ("Cook County Case").  (Exh. 2: Motion to Disqualify, Exh. A Verified Complaint).

16.     Defendants represented Bridgeview Bank and filed appearances on behalf of Bridgeview Bank.  Defendants wrote the complaint for Bridgeview Bank.

17.     After they filed the Cook County Case, Defendants made no attempt to have Bay Group, Norman or Marilyn served with process.  No summons were ever issued.

18.     As a result, neither Bay Group nor Norman nor Marilyn was served with the Complaint in the Cook County Case.

19.     On the same day that the complaint was filed on behalf of Bridgeview Bank, Defendant Gabriel Mathless, an associate with Ginsberg executed and caused to be filed three "Confessions" on behalf of Bay Group, Norman, and Marilyn.  In each of the Confessions of Judgment, Mathless represented that he was the attorney for Bay Group, Norman, and Marilyn. Mathless waived service of process and confessed judgment in the amount of $823,018.18 on behalf of Bay Group, Norman, and Marilyn. Mathless also omitted from the Confession of Judgment that he was employed by the Defendant Ginsberg & Jacobs and that he was acting pursuant to instructions from Defendant Ginsberg and Defendant Lombardo.  By omitting the

4

name of his employer and its attorney number from the proposed Confession of Judgment, Mathless and the Defendants sought to conceal the conflict of interest from the Court.

20.     Bay Group, Norman, and Marilyn did not authorize Mathless to waive service of process or confess judgment.

21.     Defendants did not cause the Confessions of Judgment to be served upon Bay Group, Norman or Marilyn.

22.     Rule 1.7 of the Illinois Rules of Professional Conduct strictly prohibited Mathless, an employee of Ginsberg Jacobs, from representing Bay Group, Norman or Marilyn.  It provides in relevant part: "A lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:  (1) the representation of one client will be directly adverse to another client;…"  Rule 1.7 absolutely prohibits members of the same law firm from representing opposing parties before the same tribunal in the same matter.

23.     On or about February 28, 2013, pursuant to the Confession of Judgment, the Cook County Court entered judgment in favor of Bridgeview Bank Group and against Bay Group, Norman, and Marilyn, in the amount of $823,018.18.

24.     On March 5, 2013, Ginsberg Jacobs caused numerous citations to discover assets to be served upon banks and other institutions with business relationships with Plaintiffs.

25.     Bay Group, Norman, and Marilyn discovered the Cook County Case, the Confessions, and the Judgment entered against it when its accounts were frozen.

26.     Bay Group, Norman, and Marilyn were unable to pay any bills or withdraw any funds.

27.     Bay Group was unable to pay its employees, unable to pay its creditors, and unable to operate its business.

28.     Bay Group's business relationships were severely damages by the confession and freezing of the assets.

29.     Ultimately, Bay Group was forced to file bankruptcy.

30.     Upon discovery of the Cook County case and judgment, Bay Group, Norman, and Marilyn obtained counsel to represent them.

31.     On May 6, 2013, Norman and Marilyn moved to disqualify Ginsberg Jacobs and vacate the judgment against Bay Group, Norman and Marilyn.

32.     On or about August 15, 2013, the Cook County Court disqualified Ginsberg Jacobs from the entire case.

33.     On or about November 5, 2013, the Cook County Court vacated the judgment against Bay Group, Norman, and Marilyn. The Court held that "the definition of 'indebtedness' in Defendants guarantees is vague and incapable of supporting a confession judgment." (Exh. 4 Orders).

34.     Subsequently, Bridgeview Bank Group retained new counsel to pursue its claims against Bay Group, Norman, and Marilyn.  In lieu of seeking a monetary judgment, Bridgeview Bank Group settled its claims against Bay Group, Norman, Marilyn, and other third parties, by accepting a deed in lieu of foreclosure.

35.     As a result of Ginsberg Jacobs' wrongful conduct, Bay Group, Norman, and Marilyn were damaged in that they incurred over $100,000 in attorneys fees to disqualify Ginsberg Jacobs and to vacate the wrongful confessions.  Plaintiffs sustained damages as a

result of the actions of Defendants, even if Plaintiffs did not have a meritorious defense to the bank's lawsuit in that they were subjected to a confession of judgment that was void, unenforceable, vague and illegal. The Confession of Judgment caused other damages to Plaintiffs that would not have been present had the litigation run its normal course.

36.     Bay Group, Norman, and Marilyn were further damaged in that their business reputation was damaged and there business was severally interrupted.

**COUNT I**
**LEGAL MALPRACTICE ALL DEFENDANTS**

37.     Plaintiff re-allege paragraphs 1 – 36 of this Complaint as if fully set forth herein.

38.     Defendants represented to the Court and other parties that they were legal counsel for Bay Group, Norman, and Marilyn.

39.     As legal counsel for Bay Group, Norman, and Marilyn, Defendants had fiduciary duties to them and were required to act in their best interest and to advocate on their behalf.

40.     Defendants were also obligated to obtain authorization from Plaintiffs to enter into a consent judgment or other settlement on their behalf.

41.     Defendants, as attorneys for Bridgeview Bank, could not concurrently represent the adverse party—Bay Group, Norman, and Marilyn.

42.     Defendants breached their duties to Bay Group, Norman, and Marilyn, by, among other things,

(a)     representing them while concurrently representing the adverse party, Bridgeview Bank;

(b)     entering into a consent judgment without authorization; and

(c)     pursuing citations to discover assets and freezing Plaintiffs assets.

7

43.     By representing opposing parties in the same lawsuit before the Circuit Court of Cook County, Defendants violated their duty of undivided loyalty to their clients.

44.     But for Defendants' actions, Plaintiffs would have hired competent counsel, would not have entered into a consent judgment, would not have had their assets frozen, and would have defended themselves against the claims made by Bridgeview Bank.

45.     Plaintiffs were harmed in an amount greater than $100,000 in attorneys' fees, lost business, loss to business reputation, and other damages.

JURY TRIAL

46.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants in an amount to be proven at trial in an amount greater than $100,000.

Respectfully submitted,

By: /s/ Julia C. Williams

Edward X. Clinton, Jr.
Julia C. Williams, Of Counsel
The Clinton Law Firm
Attorneys for Plaintiffs
111 W. Washington Street, Suite 1437
Chicago, IL 60602
(312) 357-1515
edwardclinton@icloud.com