3303                                                                                                                                (7/08/10) CCG N003

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bridgeview Bank Group,           Plaintiff

v.                                          No. 13 L 050431

Bay Group Health Care, LLC, et al.,     Defendants

FILED-16
13 APR 12 PM 3:28
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### NOTICE OF MOTION

To: SEE ATTACHED SERVICE LIST.

On **MAY 6**, **2013**, at **9:30** a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable **Judge Alexander P. White** or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at **Room 2503**, Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, and present **Bangalans' Motion to Disqualify Opposing Counsel, a copy of which is attached hereto**.

Name **SCHWARTZ & KANYOCK, LLC**      Atty. No. **48433**      Pro Se **99500**
Address **33 North Dearborn Street, Suite 2330**      Attorney for **Defendants Norman Bangalan & Marilyn Bangalan**
City/State/Zip **Chicago, IL 60602**      Telephone **(312) 441-1040**

☐ **PROOF OF SERVICE BY DELIVERY**

I, _____, ☐ the attorney ☐ non-attorney certify that on the ____ day of _____, _____, I served this notice by delivering a copy personally to each person to whom it is directed.

Date _____

Signature/Certification

☑ **PROOF OF SERVICE BY MAIL**

I, **Debra Linkowski**, ☐ the attorney ☑ non-attorney certify that I served this notice by mailing a copy to **(SEE ATTACHED SERVICE LIST)** at **(SEE ATTACHED SERVICE LIST)** (address on envelope) and depositing the same in the U.S. Mail at **33 North Dearborn Street, Chicago, Illinois 60602** (place of mailing) prior to 5:00 p.m. on the **12th** day of **April**, **2013**, with proper postage prepaid.

Date **April 12, 2013**

Signature/Certification

☑ **PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)**

I, **Debra Linkowski**, ☐ the attorney ☑ non-attorney certify that on the **12th** day of **April**, **2013**, I served this notice **via electronic mail to opposing counsel named on the attached Service List, at their respective e-mail addresses,** prior to 5:00 p.m., from **andy@schwartz-lawyer.com** (Place).

Date **April 12, 2013**

Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE

## **SERVICE LIST**

**Via Electronic Mail & U.S. Mail**
Thomas J. Lombardo (tlombardo@ginsbergjacobs.com)
Tracy A. Steindel (tsteindel@ginsbergjacobs.com)
Ginsberg Jacobs LLC
300 South Wacker Drive, Suite 2750
Chicago, IL 60606

Attorney No. 48433

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGEVIEW BANK GROUP, an Illinois banking corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 L 050131 |
| BAY GROUP HEALTH CARE, LLC, an Illinois limited liability company; NORMAN BANGALAN and MARILYN BANGALAN, | ) ) ) ) | Judge Alexander P. White |
| Defendants. | ) | |

## **BANGALANS' MOTION TO DISQUALIFY OPPOSING COUNSEL**

Norman Bangalan ("Norman") and Marilyn Bangalan ("Marilyn"), by their undersigned counsel, hereby move to disqualify Ginsberg Jacobs LLC ("Ginsberg") and its attorneys from continuing to represent the plaintiff in this cause, pursuant to Rules 1.7 and 1.10(a) of the Illinois Rules of Professional Conduct (2010) (the "2010 RPCs"), and in support state:

I. **INTRODUCTION AND BACKGROUND FACTS**

1. This case involves a claim by the plaintiff for confession judgments based upon three guaranties purportedly given by Norman, Marilyn and a limited liability called Bay Group Health Care, LLC ("Bay Group") to secure a loan from the plaintiff to Open Arms Home Health Care, Inc. ("Open Arms").

2. The introductory paragraph of the complaint ("Compl.") (**Exhibit A**) identifies Ginsberg as the plaintiff's attorneys of record, as does the firm identification block at its end.

3. The complaint attaches three documents entitled "Confession," one each for Bay Group, Norman and Marilyn (Compl. at Group Exh. E). Each purported "Confession" bears a signature above the name "Gabriel L. Mathless, Attorney at Law" ("Mathless"). Each purported "Confession" reads as follows in relevant part:

> The defendant, Norman Bangalan[1], **by Gabriel L. Mathless, its [sic] attorney,** waives service of process and confesses that there is due from defendant Norman Bangalan to the plaintiff ...

(Emphasis added). As the italicized text indicates, Mathless identifies himself as the attorney for each defendant in the first sentence of each purported "Confession."

4. Although the "Confessions" identify him only as an "Attorney at Law," Mathless is a Ginsberg associate attorney, as evidenced by the Ginsberg website (*See* Affidavit of Marco Berrios – **Exhibit B**). This Court should find the fact that the "Confessions" do not disclose that relationship as a disturbing lack of candor.

5. Norman and Marilyn move to disqualify Ginsberg from continuing to represent the plaintiff in this cause because the 2010 RPCs absolutely prohibit members of the same law firm from representing opposing parties before the same tribunal in the same matter.

### III. ARGUMENT

6. 2010 RPC 1.7 addresses "concurrent conflicts of interest," and reads as follows, in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. *A concurrent conflict of interest exists if:*
> (1) *the representation of one client will be directly adverse to another client;* or
>     \*    \*    \*    \*
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>     \*    \*    \*    \*
> (3) *the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal;* and ...

(Emphasis added).

---

[1] The purported "Confessions" on behalf of Bay Group and Marilyn are substantively identical, except that they identify Bay Group and Marilyn as the purported "client" of Mathless.

\bangalan\DQ Motion        2

7.  2010 RPC 1.7(a)(1) prohibits a lawyer from representing one client against another in the same case. While 2010 RPC 1.7(b) lists exceptions for situations where the lawyer obtains informed consents from conflicted clients, 2010 RPC 1.7(b)(3) absolutely forbids the concurrent representation of one client against another within the same litigation.

8.  The Comments to 2010 RPC 1.7 include language clarifying the rules governing representation where a conflict exists. The relevant portions from the Comment section entitled "Prohibited Representations" read as follows:

> [14] Ordinarily, clients may consent to representation notwithstanding a conflict. ***However, as indicated in paragraph (b), some conflicts are nonconsentable, meaning that the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent.*** When the lawyer is representing more than one client, the question of consentability must be resolved as to each client.
>
> \*        \*        \*        \*
>
> [17] ***Paragraph (b)(3) describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal.*** Whether clients are aligned directly against each other within the meaning of this paragraph requires examination of the context of the proceeding. Although this paragraph does not preclude a lawyer's multiple representation of adverse parties to a mediation (because mediation is not a proceeding before a "tribunal" under Rule 1.0(m)), such representation may be precluded by paragraph (b)(1).
>
> \*        \*        \*        \*
>
> [23] ***Paragraph (b)(3) prohibits representation of opposing parties in the same litigation, regardless of the clients' consent.***

(Emphasis added).

9.  As ¶¶14 and 17 of the Comment indicate, Illinois lawyers cannot disregard 2010 RPC 1.7(b)(3)'s absolute ban against the concurrent representation of one client against another within the same litigation, and the client's "consent" to such a conflict does not matter.

10. It is no answer for the plaintiff to say that Mathless is not the individual lawyer who signed the complaint on behalf of the plaintiff. 2010 RPC 1.10(a) reads as follows:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

11. The Comment to 2010 RPC 1.10 includes the language which clarifies the rules governing imputed disqualification. The relevant portion from the section entitled "Principles of Imputed Disqualification" reads as follows, in relevant part:

> [2] The rule of imputed disqualification stated in paragraph (a) gives effect to the principle of loyalty to the client as it applies to lawyers who practice in a law firm. Such situations can be considered from the premise that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated. Paragraph (a) operates only among the lawyers currently associated in a firm. ...

12. Almost ninety years ago, the Illinois Supreme Court summarized the fundamental principle at issue – an attorney's undivided loyalty – as follows:

> The rule has long been firmly established that an attorney cannot represent conflicting interests or undertake to discharge inconsistent duties. **When he has once been retained and received the confidence of his client, he cannot enter the services of those whose interests are adverse to that of his client or former client as in effect to be a party thereof ... It is the glory of the legal profession that its fidelity to its clients can be depended upon;** ...

(Emphasis added). People v. Gerold, 265 Ill. 448, 477-78 (1914). These concerns regarding the lawyer's duty of undivided loyalty remain equally valid today.

## IV. CONCLUSION

Ginsberg associate Mathless signed three purported "Confessions" identifying himself as the attorney for the defendants in this case. Under the 2010 RPCs, Ginsberg has a nonconsentable conflict of interest, and cannot represent the plaintiff against the defendants in this same case. Consequently, this Court must immediately disqualify Ginsberg and its constituent attorneys as counsel for the plaintiff.

WHEREFORE, Norman Bangalan and Marilyn Bangalan move this Court to disqualify Ginsberg Jacobs LLC and its constituent attorneys from further representing the plaintiff in this cause, and for such other and further relief as this Court deems necessary.

Respectfully submitted,

**NORMAN BANGALAN and MARILYN BANGALAN**

By: _____
One of their counsel

Attorney No. 48433
*Andrew R. Schwartz* (andy@schwartz-lawyer.com)
*Thomas Kanyock* (tjk@schwartz-lawyer.com)
*Karen I. Jeffreys* (kjeffreys@schwartz-lawyer.com)
SCHWARTZ & KANYOCK, LLC
Attorneys for Norman and Marilyn Bangalan
33 North Dearborn Street, Suite 2330
Chicago, IL 60602
(312) 441-1040