IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAY GROUP HEALTH CARE, LLC, NORMAN BANGALAN and MARILYN BANGALAN, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>GINSBERG JACOBS, LLC, THOMAS LOMBARDO, TRACY STEINDEL, and GABRIEL MATHLESS, <br>　　　　　　Defendants. | Case No. 15-cv-986 |

**Declaration of Edward X. Clinton, Jr.**

I, Edward X. Clinton, Jr., make this Declaration under oath and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

1. I am the lead counsel for the plaintiffs in this action.

2. I make this declaration based upon my knowledge of this case and the underlying facts.

3. The Summary Judgment motion and the Motion to Dismiss are premature.

4. Plaintiffs have not had sufficient time to take normal routine discovery of the defendants and Bridgeview Bank. Defendants are attempting to rush the litigation process so that discovery will be avoided.

5. Plaintiffs need the opportunity to take basic discovery of the defendants concerning (a) whether the Ginsburg firm had pattern and practice of confessing judgments; (b) whether Steindel and Lombardo directed and controlled the activities of

Gabriel Mathless; (c) whether Bay Group and the Bangalans intended to release the defendants when they executed a Deed in Lieu of Foreclosure; (d) whether Bridgeview Bank intended to obtain a release of the defendants when it drafted the Deed in Lieu of Foreclosure; and (e) what damages, if any, were sustained by the Plaintiffs as a result of the Defendants wrongful actions. The lack of discovery concerning these topics has prejudiced the Plaintiffs and prevented them from obtaining facts necessary to resist the Summary Judgment motion and the Motion to Dismiss. For example, discovery will show whether or not Defendants Lombardo and Steindel were directing and controlling the actions of Mathless when he confessed a judgment against Bay Group and the Bangalans. Also, discovery will show how the Deed in Lieu of Foreclosure was executed, the negotiations leading up to the decision to execute the Deed in Lieu of Foreclosure.

6. Since the defendants represented parties that were directly adverse to each other, they will not be able to shield their communications to Bridgeview Bank with the attorney-client privilege.

7. Consideration of the Motion for Summary Judgment and Motion to Dismiss should be deferred until the Plaintiffs have had sufficient time to take discovery.

/s/ Edward X. Clinton, Jr.