*257.25177*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAY GROUP HEALTH CARE, LLD, <br> NORMAN BANGALAN and <br> MARILYN BANGALAN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> GINSBERG JACOBS, LLC, and <br> GABRIEL MATHLESS, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-986 <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' RULE 56.1(a)(3) STATEMENT OF
### UNDISPUTED MATERIAL FACTS IN SUPPORT
### OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, GINSBERG JACOBS, LLC ("Ginsberg Jacobs") and GABRIEL MATHLESS ("Mathless") (collectively, "Defendants"), by and through their attorneys, TRIBLER ORPETT & MEYER, P.C., and pursuant to Rule 56.1(a)(3) of the local rules of the United States District Court for the Northern District of Illinois, submit the following Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

In addition to this Statement and the Combined Motion to Dismiss and for Summary Judgment, Defendants also submit their Memorandum in Support of their Motion for Summary Judgment.[1]

---

[1] For purposes of the Motion for Summary Judgment only, the factual assertions contained within Plaintiffs' Complaint will be accepted as true.

**JURISDICTION AND VENUE**

1. The members of Plaintiff, Bay Group Health Care, LLC ("Bay Group"), are Talitha Azarov, who is a citizen of Indiana, Kathrina Ninh, who is a citizen of Texas, and Jashobeam Bangalan, who is a citizen of Indiana. (Compl. at ¶ 2.)[2]

2. Norman Bangalan is an individual and a citizen of Indiana. (Compl. at ¶ 4.)

3. Marilyn Bangalan is an individual and is a citizen of Indiana. (Compl. at ¶ 5.)

4. Ginsberg Jacobs, LLC is a Chicago-based law firm and a citizen of Illinois. (Compl. at ¶ 6.)

5. Thomas Lombardo is an attorney who, at all relevant times, worked at Ginsberg Jacobs. (Compl. at ¶ 7.)

6. Thomas Lombardo is a citizen of Illinois. (Compl. at ¶ 7.)

7. Tracy Steindel is an attorney who, at all relevant times, worked at Ginsberg Jacobs. (Compl. at ¶ 8.)

8. Tracy Steindel is a citizen of Illinois. (Compl. at ¶ 8.)

9. Gabriel Mathless is an attorney who, at all relevant times, worked at Ginsberg Jacobs as an associate. (Compl. at ¶ 9.)

10. Mathless is a citizen of North Carolina.

11. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in the Northern District of Illinois because the litigation that underlies this legal malpractice action proceeded in the Circuit Court of Cook County, Illinois, which is the Northern District of Illinois. (Compl. at ¶ 15.)

12. Pursuant to 28 U.S.C. §1332, jurisdiction is proper in this Court because there is complete diversity of citizenship between the parties as Plaintiffs are citizens of Indiana and

---

[2] References to "Compl. at ¶__" are to Plaintiffs' Complaint filed as Docket No. 1.

Texas whereas Defendants are citizens of Illinois and North Carolina and Plaintiffs allege that the amount in dispute exceeds $75,000 exclusive of interest and costs. (Compl. at ¶¶ 2-11.)

## THE UNDERLYING NOTE, GUARANTEES AND LITIGATION

13. On or about March 18, 2011, Open Arms Home Health Care, Inc. ("Open Arms") executed a Promissory Note in favor of Bridgeview Bank Group (the "Bank") in the amount of $818,000 ("Promissory Note"), which enabled Open Arms to purchase a commercial building. (Compl. at ¶ 12 and Exhibit A to Exhibit 2 thereto).

14. On or about March 18, 2011, Bay Group signed a Commercial Guaranty guaranteeing payment to the Bank on the Promissory Note ("Bay Group Guaranty"). (Compl. at ¶ 13 and Exhibits A-D to Exhibit 2 thereto; and Plaintiffs' Responses to Rule 36 Requests for Admission, ¶ 4, Exhibit A hereto).

15. On or about March 18, 2011, Norman and Marilyn Bangalan each also signed Commercial Guaranties (hereinafter, the Commercial Guaranties and the Bay Group Guaranty are referred to collectively as the "Guaranties" or, singularly, the "Guaranty") guaranteeing payment to the Bank on the Promissory Note. (Compl. at ¶ 14 and Exhibits A-D to Exhibit 2 thereto; and Plaintiffs' Responses to Rule 36 Requests for Admission, ¶ 4, Exhibit A hereto.)

16. Each Guaranty contained the following language:

> CONFESSION OF JUDGMENT. Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any

> court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

(Confession of Judgment paragraph, Commercial Guaranties, Exhibits A-D to Exhibit 2 to Compl.)

17. Open Arms defaulted on the Promissory Note and the Bank made a demand upon Open Arms to pay the outstanding amount. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 1, 3, Exhibit A hereto).

18. Open Arms failed to make the payments to the Bank required under the Note. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶ 1, Exhibit A hereto).

19. In February of 2013, the Bank filed suit in an effort to recover from Plaintiffs pursuant to the Guaranties. (Compl. at ¶ 15.)

20. On or about February 5, 2013, the Bank, represented by attorneys Lombardo and Steindel of the law firm of Ginsberg Jacobs, LLC, filed an action for confession of judgment against Bay Group, Norman Bangalan and Marilyn Bangalan in the Circuit Court of Cook County, Illinois, captioned *Bridgeview Bank Group v Bay Group Health Care, LLC, et al.*, 2013 L 050131 (the "Cook County Case"). (Compl. at ¶¶ 1, 15, 16 and Exhibit A to Exhibit 2 thereto.)

21. On the same day that the complaint was filed on the Bank's behalf, Mathless executed and caused to be filed confessions of judgment on behalf of Bay Group, Norman Bangalan, and Marilyn Bangalan. (Compl. at ¶ 19.)

22. Through the confessions of judgment, Mathless waived service of process and confessed judgment in the amount of $823,018.18 on behalf of Bay Group, Norman Bangalan, and Marilyn Bangalan. (Compl. at ¶ 19.)

23. On or about February 28, 2013, pursuant to the Confession of Judgment, the Circuit Court of Cook County entered judgment in favor of Bridgeview Bank Group and against Bay Group, Norman Bangalan, and Marilyn Bangalan, in the amount of $823,018.18. (Compl. at ¶ 23.)

24. On or about November 5, 2013, the Circuit Court of Cook County vacated the judgment against Bay Group, Norman Bangalan, and Marilyn Bangalan that Mathless had confessed on their behalf based on a conclusion that the Guaranties contained a definition of "indebtedness" that did not support a judgment by confession. (Compl. at ¶ 33.)

25. Bridgeview Bank Group eventually settled its claims against Bay Group, Norman Bangalan, Marilyn Bangalan, and other third parties. (Compl. at ¶ 34.)

26. Plaintiffs never sought an agreement for legal services with either Ginsberg Jacobs or Mathless. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 21, 22, Exhibit A hereto).

27. Plaintiffs never sought legal advice from either Ginsberg Jacobs or Mathless. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 15, 16, Exhibit A hereto).

28. Plaintiffs never received legal advice from either Ginsberg Jacobs or Mathless. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 17, 18, Exhibit A hereto).

29. Plaintiffs never divulged confidential information to either Ginsberg Jacobs or Mathless or received confidential information from either Ginsberg Jacobs or Mathless. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 7, 8, Exhibit A hereto).

30. Plaintiffs never paid either Ginsberg Jacobs or Mathless for the provision of legal services. (Plaintiffs' Responses to Rule 36 Requests for Admission, ¶¶ 25, 26, Exhibit A hereto).

31. Plaintiffs have never had any direct communication with either Ginsberg Jacobs or Mathless. (Plaintiff's Answers to Defendants' Interrogatories to Plaintiff, ¶ 3, Exhibit B hereto.)

32. Plaintiffs have never relied upon any representation made by Ginsberg Jacobs or Mathless to the effect that either was legal counsel for any Plaintiff. (Plaintiff's Answers to Defendants' Interrogatories to Plaintiff, ¶¶ 6, 7, Exhibit B hereto.)

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By:   *s/Jeremy N. Boeder*
    One of the Attorneys for Defendants, Ginsberg Jacobs, LLC, and Gabriel Mathless

Harlene G. Matyas, Esq. - ARDC# 1796879
 (hgmatyas@tribler.com)
Jeremy N. Boeder, Esq. - ARDC# 6285771
 (jnboeder@tribler.com)
TRIBLER ORPETT & MEYER, P.C.
225 West Washington, Suite 2550
Chicago, Illinois 60606
Telephone: (312) 201-6400
Fax: (312) 201-6401

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Defendants' Rule 56.1(a)(3) Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment,** was served upon:

Elliot R. Schiff
Schiff Gorman, LLC
One East Wacker Drive, Ste. 1100
Chicago, IL 60601
(312) 345-7200
(312) 345-8645
eschiff@schiff-law.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, prior to 5:00 p.m. on the 22nd day of July, 2016, with proper postage prepaid.

                                                 s/*Jeremy N. Boeder*
                                                 an Attorney

Harlene G. Matyas, Esq. - ARDC# 1796879
(hgmatyas@tribler.com)
Jeremy N. Boeder, Esq. - ARDC# 6285771
(jnboeder@tribler.com)
TRIBLER ORPETT & MEYER, P.C.
225 West Washington, Suite 2550
Chicago, Illinois 60606
Telephone: (312) 201-6400
Fax: (312) 201-6401