UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BAY GROUP HEALTH CARE, LLC, et al.,

    Plaintiffs,

v.

GINSBERG JACOBS, LLC, et al.,

    Defendants.

No. 15 C 0986

Magistrate Judge Mary M. Rowland

# MEMORANDUM OPINION AND ORDER

Plaintiffs Bay Group Health Care, LLC, Norman Bangalan, and Marilyn Bangalan (Plaintiffs) filed a single-count complaint for legal malpractice against Defendants. On September 2, 2015, this Court dismissed defendants Thomas Lombardo and Tracy Steindel without prejudice. Two defendants remain in the lawsuit: Gabriel Mathless and the law firm of Ginsberg Jacobs (hereafter, "Defendants"). The Defendants have moved for summary judgment. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND FACTS[1]

In March 2011, Open Arms Health Care, Inc. took out a loan from Bridgeview Bank (Bank). (Dkt. 67, ¶ 13). Open Arms issued a promissory note to the Bank evidencing its obligations pursuant to the loan agreement (Note), and each Plaintiff signed a commercial guarantee promising payment on the Note (hereafter, "Guarantees"). (*Id.* ¶¶ 13–15). Under the terms of the Guarantees, Plaintiffs "irrevocably authorize[d] and empowere[d] any attorney-at-law to appear in any court of record and to confess judgment against [Plaintiffs] for the unpaid amount of this Guaranty…" (*Id.* ¶ 16). The same provision stated that Plaintiffs "waive[d] and release[d] any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder." (*Id.*)

Open Arms failed to make the payments required under the Note. (*Id.* ¶ 18). Pursuant to the Guarantees, the Bank represented by the law firm Ginsberg Jacobs, filed an action for confession of judgment against each Plaintiff. (*Id.* ¶ 20). Mathless, an attorney at Ginsberg Jacobs, signed documents confessing judgment on behalf of Plaintiffs. (*Id.* ¶¶ 21–22). Based on these confessions, on February 28, 2013, the Circuit Court of Cook County entered a judgment in favor of the Bank and against Plaintiffs in the amount of $823,018.18. (*Id.* ¶ 23). Plaintiffs were later suc-

---

[1] Unless otherwise indicated, the Court cites to Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts (Dkt. 67) for undisputed facts. Attached to Defendants' Rule 56.1(a)(3) Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment are Plaintiffs' Responses to Rule 36 Requests for Admission (Exh. A, Dkt. 64-1) and Plaintiffs' Answers to Defendants' Interrogatories (Exh. B, Dkt. 64-2). Plaintiff did not file a Statement of Additional Facts.

cessful in moving to disqualify Ginsberg Jacobs as counsel for the Bank and also in vacating the judgment against them in the state court. (*Id.* ¶ 24; Dkts. 33-3, 33-4).[2] Plaintiffs eventually settled the Bank's claims. (Dkt. 67, ¶ 25).

Plaintiffs never sought an agreement for legal services from either Ginsberg Jacobs or Mathless. (*Id.* ¶ 26). Plaintiffs never paid Ginsberg Jacobs or Mathless for legal services. (*Id.* ¶ 30). Plaintiffs never sought or received legal advice from Ginsberg Jacobs or Mathless, and never divulged or received confidential information. (*Id.* ¶¶ 27–29). Plaintiffs never had any direct communication with Ginsberg Jacobs or Mathless. (*Id.* ¶ 31). Plaintiffs never relied on any representation by Defendants that they were Plaintiffs' legal counsel. (*Id.* ¶ 32).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court views the evidence in the light most favorable to Plaintiffs, the nonmoving party, and draws all reasonable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d

---

[2] Attached to Plaintiffs' Response to Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 33) are the August 14, 2013 Memorandum Decision and Judgment Order on disqualification, Cook County Case No. 13 L 50131 (Exh. C, Dkt. 33-3) and the November 5, 2013 order vacating the confession of judgment. (Exh. D, Dkt. 33-4).

726, 731 (7th Cir. 1999). Once the moving party shows there is no genuine issue of fact for trial, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted). To avoid summary judgment, Plaintiffs must produce affirmative evidence and cannot rely on pleadings alone. *Id.* at 257; *see also Celotex*, 477 U.S. at 324 (Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (citation omitted).

Where the relevant facts are undisputed, questions of law may be decided on summary judgment. *Bourke v. Conger*, 639 F.3d 344, 347 (7th Cir. 2011); *Hamilton v. Commonwealth Edison Co.*, No. 11 CV 1752, 2011 U.S. Dist. LEXIS 71733, at *4 (N.D. Ill. July 5, 2011). A district court sitting in diversity attempts to predict how the Illinois Supreme Court would decide issues of state law. *Woidtke v. St. Clair Cty.*, 335 F.3d 558, 562 (7th Cir. 2003).

### III. DISCUSSION

Defendants move for summary judgment on two grounds: (1) Defendants owed Plaintiffs no duty of care upon which a legal malpractice claim could be premised because there was no attorney-client relationship between Plaintiffs and Defendants; and (2) Plaintiffs waived and released any claim against Defendants under the terms of the Guarantees Plaintiffs signed. (Dkt. 63 at 2–3).

Plaintiffs respond that they "authorized and empowered" the Bank to retain counsel for them "in the event of a claimed default on the note." (Dkt. 66 at 5). They contend that when Mathless signed the confessions of judgment on their behalf while representing the Bank, he and his law firm violated Rule 1.7 of Illinois Rules of Professional Conduct of 2010 prohibiting conflicts of interest (hereafter, "Rule 1.7"). (*Id.* at 3, 6–7). Plaintiffs also argue, based on the state court litigation, that Defendants are equitably estopped from denying the existence of the attorney-client relationship. (*Id.* at 5). Finally Plaintiffs deny that they waived their claim against Defendants. (*Id.* at 12–13). This Court finds summary judgment in favor of Defendants is proper.

## A. There are no disputed facts in this matter

As an initial matter, the six (6) facts in Defendants' Rule 56.1(a)(3) Statement that Plaintiffs do not admit outright are deemed admitted. As to the facts contained in Paragraphs 15, 16 and 17, Plaintiffs agreed to them and then attempted to recharacterize them without citing any supporting material. (Dkt. 67 at ¶¶15–17). Similarly regarding Paragraphs 26, 29 and 32, Plaintiffs failed to respond, instead referring to their interrogatory or requests to admit responses. (*Id.* ¶¶26, 29, 32). However, the request to admit and interrogatory responses referenced do not admit or deny the facts contained in Defendants' Rule 56.1(a)(3) Statement. (Dkt. 64-1 at ¶¶7–8 and ¶¶21–22; Dkt. 64-2 at ¶¶6–7). This is improper under Federal Rule of

Civil Procedure 56(c) and (e) and L.R. 56.1(b)(3).[3] Thus all of the facts are deemed admitted.[4]

**B. The undisputed facts show no attorney-client relationship existed**

An attorney-client relationship is required for a legal malpractice claim in Illinois. A plaintiff must prove: "(1) the defendant attorney owed the plaintiff client a duty of due care arising from an attorney-client relationship, (2) the attorney breached that duty, (3) the client suffered an injury in the form of actual damages, and (4) the actual damages resulted as a proximate cause of the breach." *See Bourke*, 639 F.3d at 347 (citations omitted).

The undisputed facts establish that no attorney-client relationship was created by the conduct of the Plaintiffs: Plaintiffs never sought, much less entered into, an agreement for legal services with either Ginsberg Jacobs or Mathless. (Dkt. 67 at ¶ 26). Plaintiffs never paid Ginsberg Jacobs or Mathless for legal services (*Id.* ¶ 30); never sought or received legal advice from Ginsberg Jacobs or Mathless (*Id.* ¶¶ 27-28); never discussed confidential information (*Id.* ¶29); never had any direct communication with Ginsberg Jacobs or Mathless (*Id.* ¶ 31); and never relied on any representation by Defendants that they were Plaintiffs' legal counsel. (*Id.* ¶ 32).

---

[3] *See* F.R.C.P 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."); L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). *See also Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) ("It is the litigants' duty [on summary judgment] to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the proffered fact.").

[4] Plaintiffs did not file any statement of additional facts pursuant to L.R. 56.1(b)(3)(C).

## C. No attorney-client relationship was established by the signing of the confessions of judgment

Knowing that they did not engage Mathless' legal services, Plaintiffs argue that Mathless' act of signing the confession of judgment created the attorney-client relationship that in turn gives rise their legal malpractice claim against Defendants. Confessions of judgment have long existed in Illinois. *See Gardner v. Bunn*, 132 Ill. 403, 408 (1890). The confession of judgment statute states in part: "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301(c). The statute allows a debtor to move to vacate a judgment, as Plaintiffs did in their state court case. *See Oakland Nat'l Bank v. Tomei*, 215 Ill. App. 3d 638, 640 (4th Dist. 1991).

In 1972, the U.S. Supreme Court upheld Ohio's confession of judgment statute as constitutional and explained that the "cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder…". *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176 (1972). Two years earlier, the Illinois Supreme Court upheld the constitutionality of Illinois' confession of judgment statute. *First Nat'l Bank v. Keisman*, 47 Ill. 2d 364, 366 (1970). The Seventh Circuit has also recognized the enforceability of confession of judgment clauses in loan documents. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) (citing *Overmyer Co.*, 405 U.S. 174).

It is not surprising that in both *Blanck v. Medley,* 63 Ill. App. 211 (4th Dist. 1895) and *Gecht v. Suson,* 278 N.E.2d 193 (1st Dist. 1971), the appellate courts affirmed judgments against a debtor and rejected the argument that the signing of the confession by an attorney of the same firm as creditor's attorney invalidated the judgment. The *Blanck* court reasoned that "the signing of the cognovit by an attorney is largely a matter of form, both the declaration and cognovit being usually prepared by the plaintiff's attorney." 63 Ill. App. at 213. *See also Citibank, N.A. v. Bearcat Tire, A.G.*, 550 F. Supp. 148, 150-51 (N.D. Ill. 1982) (rejecting a similar argument to the ones raised in *Blanck* and *Gecht*, in declining to vacate the judgment because "the Note … specifically allows Citibank to designate 'any attorney' to confess judgment, and Illinois courts have squarely held confession of judgment by an attorney of the same firm as plaintiff's counsel does not invalidate the judgment."); *Atl. Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 195 (4th Cir. 1989) (attorney's appearance to execute the confession of judgment is "purely a ministerial act"). These cases direct this Court toward a conclusion that there is no attorney-client relationship created by the signing of the confession of judgment, but do not fully answer the question.

A legal malpractice case from Ohio arising out of facts similar to those here is instructive. *DiBenedetto v. Miller* held that there was no attorney-client relationship and thus no cause of action for legal malpractice because "the attorney [confessing judgment] is only acting as authorized under both contract and the statute." 2008-Ohio-6506, 180 Ohio App. 3d 69, 72 (2008). This Court finds that *DiBenedetto*'s

holding is consistent with Illinois courts' instruction that (a) judgments by confession "are circumspectly viewed" (*Grundy Cty. Nat'l Bank v. Westfall*, 49 Ill. 2d 498, 500 (1971)); and (b) an attorney acting pursuant to a power of attorney to confess judgment has limited authority. *See First Bank v. Kaiser*, 2012 IL App (1st) 112505-U, ¶ 9 ("[t]he authority was special, and limited to entering an appearance to, and the confession of a judgment on, one particular instrument") (citations omitted). It is also in line with the language of the statute (735 ILCS 5/2-1301(c)) and cases including *Blanck, Gecht,* and *Citibank*, approving the practice in Illinois of the signing of the confession of judgment by any attorney authorized by warrant of attorney.

As the parties acknowledge (Dkt. 63 at 11; Dkt. 66 at 7), and is evident from the discussion thus far, the legal issue presented is one the Illinois Supreme Court has not directly addressed: whether by signing a confession of judgment pursuant to a warrant of attorney, the attorney establishes an attorney-client relationship that can give rise to a legal malpractice claim against that attorney. When this Court is faced with "untested legal theories brought under the rubric of state law," which require deciding between restricted or expanded liability, this Court should choose "the narrower and more reasonable path (at least until the (state) Supreme Court tells us differently)." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635-36 (7th Cir. 2007) (internal citations and quotations omitted). *See also Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) ("Though district courts may try to determine how the state courts would rule on an unclear area of state law, district courts are encouraged to dismiss actions based on novel state law claims.").

Plaintiffs argue the attorney client relationship, and therefore the legal malpractice claim, arises from an Illinois State Bar Association ("ISBA") Opinion, a Rule of Professional Conduct and the Circuit Court of Cook County opinion disqualifying defendants here. The ISBA opinion advised that an attorney cannot sign a confession of judgment on behalf of a defendant when the plaintiff's attorney is of the same firm as the defendant's attorney because a conflict would arise. (Dkt. 68). The Illinois Board of Governors affirmed the ISBA opinion in 2010 based on its general consistency with the 2010 rules including Rule 1.10 and Rule 1.7, which prohibits concurrent conflicts of interest. Plaintiffs correctly point out that *Blanck* and *Gecht* pre-date both the ISBA opinion and the 2010 Illinois Rules of Professional Conduct. (Dkt. 66 at 10).

Even if this Court were not required to choose "the narrower and more reasonable path," this Court would not be persuaded by Plaintiffs' arguments. First, the ISBA opinion and Rule 1.7 caution attorneys about behavior to avoid. They say nothing about establishing legal malpractice claims. They do not and cannot overturn the case precedent discussed above or the long-existing statutory procedure for confessions of judgment in Illinois. Furthermore, even if the ISBA opinion directly addressed the creation of an attorney-client relationship, it is not binding on this Court. The ISBA opinion itself states that it does "not have the force of law." (Dkt. 68). *See also In re Sheridan*, 215 B.R. 144, 146 (Bankr. N.D. Ill. 1996) (ISBA advisory opinions are not binding on courts); *Wemple v. Ill. State Bar Ass'n Members*, No. 13-cv-3015, 2013 U.S. Dist. LEXIS 11711, at *2 n.1 (C.D. Ill. Jan. 28, 2013) (same).

Plaintiffs also rely on the fact that in the underlying state court action brought by the Bank against Plaintiffs, the court disqualified Ginsberg Jacobs from representing the Bank after concluding the law firm violated Rule 1.7 by signing the complaint on behalf of the Bank *and* the confession of judgment on behalf of Plaintiffs. (Dkt 33-3 at 12). Plaintiffs assert the state court opinion addressed the "identical, full arguments" presented in this case. (Dkt. 66 at 6). But that case was not concerned with a claim for legal malpractice—Plaintiffs' claim here. It did find Defendants (who were not defendants in that case) were conflicted out of the case and determined Plaintiffs did not waive the conflict. To the extent that opinion held that an attorney-client relationship was established (*see* Dkt. 33-3 at 14), this Court respectfully declines to follow this reasoning since it did not cite an Illinois Supreme Court or appellate case holding that attorney-client relationship is established solely by an attorney signing a confession of judgment in Illinois.[5] *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016) ("Because there is no Illinois Supreme Court decision on point, we must use our own best judgment to estimate how the [Illinois] Supreme Court would rule as to its law…While not bound by

---

[5] Plaintiffs do not argue the state court opinion binds this Court, but do assert that the state court judge was presented with the "identical, full arguments" present here. (Dkt. 66 at 6). The Court rejects any application of res judicata since there is no "identity of the cause of action between the two actions, [or] … identity of parties … in the two actions." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 688 (7th Cir. 1986). Similarly collateral estoppel does not apply because the issues were not identical and defendants here were not "fully represented in the prior litigation." *Prymer v. Ogden*, 29 F.3d 1208, 1212 (7th Cir. 1994). Plaintiffs also did not provide any evidence to prove the elements of equitable estoppel. *See Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313, 256 Ill. Dec. 313, 320 (2001). For example Plaintiffs did not offer any evidence that they reasonably relied on Defendants' alleged concealment. Plaintiffs could not have relied on this alleged misrepresentation, if there was one, since they admit they were not aware of the Cook County case until the judgment had already been entered against them. (Dkt. 66 at 3).

decisions of Illinois's lower courts, we must still give great weight to the holdings of the state's intermediate appellate courts…") (internal citations and quotations omitted).

The Illinois Supreme Court, if presented with a similar set of facts, may decide an attorney-client relationship exists and may also determine a legal malpractice claim is viable. But without this direct guidance, this Court is bound to err on the side of restricted, not expanded, liability on this state law claim. *See Pisciotta*, 499 F.3d at 635–36. This Court holds that Mr. Mathless' act of signing the confession of judgment, pursuant to the guarantees and the state statute governing a confession of judgment, did not create an attorney-client relationship and, therefore, Defendants are entitled to judgment as a matter of law.

## D. There is no "ethical malpractice" tort in Illinois

One final note: Plaintiffs have consistently asserted that Defendants' "breach of the 2010 Illinois Rules of Professional Conduct" is "the basis of this present claim for professional negligence."[6] (Dkt. 66 at 6). But under Illinois law, a violation of the Rules of Professional Conduct does not give rise to a cause of action or duty in tort. There is no "ethical malpractice" or "professional responsibility tort" in Illinois. *Nagy v. Beckley*, 218 Ill. App. 3d 875, 881, 161 Ill. Dec. 488, 492 (1st Dist. 1991); *see also Yoon Ja Kim v. Hoseney*, No. 12 C 9108, 2013 U.S. Dist. LEXIS 16377, at *6 (N.D. Ill. Feb. 7, 2013) (dismissing claim based on violation of Illinois Supreme

---

[6] This "ethical breach" was also the reason the state court disqualified Ginsberg Jacobs. *See* Dkt 33-3 at 12–13 (discussing the law firm's "unethical representation" and "ethical breach"). While that is a basis for disqualification, it is not grounds for legal malpractice in Illinois.

Court Rule of Professional Conduct Rule 1.6) (aff'd *Yoon J. Kim v. Hoseney*, 545 F. App'x 521 (7th Cir. 2013)). *See Ball v. Kotter*, 723 F.3d 813, 823–25 (7th Cir. 2013) (affirming grant of summary judgment in favor of attorney because plaintiff did not provide expert testimony regarding an attorney's standard of care related to conflicts of interest and also stressing that a violation of the Rules of Professional Conduct does not alone establish liability for legal malpractice.). To the extent Plaintiffs are complaining about Defendants' violation of the ethics rules, judgment in favor of Defendants is warranted.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment [62] is **GRANTED**. Judgment is entered in favor of Defendants Gabriel Mathless and Ginsberg Jacobs and against Plaintiffs Bay Group Health Care, LLC, Norman Bangalan, and Marilyn Bangalan.

E N T E R:

Dated: February 28, 2017

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge